IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY MILLIGAN,

      Plaintiff,

vs.                                       No. CV 17-01211 JCH/SCY

GEO CORRECTIONS AND DETENTIONS,
WARDEN VINCENT HORTON, SANDRA
DIETZ PROBATION AND PAROLE CHAIR,
S. MARTINEZ PAROLE CASE MANAGER,
J. JARAMILLO RECORDS MANAGER,
M.J. CHAVEZ CLASSIFICATION MANAGER,
and CASEWORKERS D. PACHECO, L. ROYBAL,
R. SWAGGERT, AND SECRETARY OF CORR.
DAVID JABLONSKI,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Verified Civil Rights Complaint filed by Plaintiff Anthony Milligan. (Doc. 1). The Court concludes the Complaint fails to state a claim on which relief can be granted and dismisses this case.

### Factual and Procedural Background

Plaintiff Anthony Milligan was sentenced to a total of 3 years in New Mexico state criminal case nos. D-202-CR-2013-05106 and 2014-04938 on two counts, aggravated fleeing of a law enforcement officer and commercial burglary. The Court ordered him to serve 18 months of the 3-year sentence in the New Mexico Department of Corrections and suspended the 18 remaining months of the sentence. The Judgment and Sentence also required him to serve 1 year on parole following release from the New Mexico Department of Corrections and 18 months of supervised

probation. (Doc. 1 at 13-17). The Court has reviewed the attachments to Milligan's Complaint, as well as the official docket and filings in Milligan's state criminal cases using the New Mexico Supreme Court's Secured Online Public Access (SOPA), and takes judicial notice of the official New Mexico court records in Milligan's criminal cases. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (the Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

Following his release from the New Mexico Department of Corrections and while on supervised probation, Petitioner Milligan failed to report to his probation officer and was arrested by the Bernalillo County Sheriff's Office ("BCSO"). The criminal complaint filed in New Mexico state court stated that Milligan:

> "Operate[d] a motor vehicle to wit a 1999 Saab displaying Connecticut plate (4AV DEI) west on Interstate 40 at milepost 143. The vehicle clocked on front radar at 81 mph, in a posted 74 mph zone. . .the Driver (Anthony Milligan) produced a Texas driver's license with the name Robert Dans . . . when asked for a Connecticut registration the Driver became nervous . . .the Vehicle had been reported stolen on 2/16/2016 . . . I then approached the vehicle and ordered the driver to shut the vehicle off and exit the vehicle. He was given several verbal orders at gunpoint to comply with my orders. He then put the vehicle in drive. The female . . . was attempting to get down or out of the way. I then opened the passenger's door in an effort to get the female out of danger. The driver then sped off, catching my right forearm in the window frame and knocking me off balance . . . The driver drove at high speeds . . . for 6.9 miles in an effort to avoid apprehension. . . the driver continued to drive north for a ¼ mile, stopping the care and fleeing on foot . . . I chased the driver on foot for about 150 yards taking him into custody. Upon search incident to tow, I located several items that are used in Burglaries, lock picks, shaved keys, drill bits, gloves, and cutting instruments."

(Criminal Complaint, State of New Mexico Metropolitan Court No. T4-FR-2016-01161 (March 4, 2016).[1]

---

[1] Milligan was subsequently convicted and sentenced to 11 years of incarceration in the New Mexico Department of Corrections. (Amended Judgment and Sentence, No. D-202-CR-2016-00859 (January 9, 2018)).

The State of New Mexico filed a motion to revoke Milligan's probation in case nos. D-202-CR-2013-05106 and 2014-04938. The state District Judge entered his Order Revoking Probation on April 6, 2016. The Order sentenced Milligan to 365 days in the custody of the Department of Corrections, credited him with time served on his probation other than 25 days of fugitive time, and required that he serve the balance of his probation concurrent with parole retake. (Doc. 1 at 18, 24).

On March 31, 2017, Milligan filed a Motion to Amend Judgment and Sentence, arguing that, at his probation revocation hearing, he had entered into a guilty plea to serve 365 days in the Department of Corrections running concurrent to the parole retake and with no additional parole thereafter. (Motion to Amend Judgment and Sentence, No. D-202-CR-2013-05106 and 2014-04938, March 31, 2017). On November 8, 2017, the state District Judge dismissed Milligan's Motion to Amend Judgment and Sentence. In his Order, the state court Judge directed Milligan to resubmit his post-conviction motion "in the form of a Petition for Writ of Habeas Corpus, pursuant to the requirements of NMRA Rule 5-802 . . . within 45 days of the date this Order is mailed to the Defendant." (No. D-202-CR-2013-05106 and 2014-04938, Order Dismissing Post-Conviction Motion, November 8, 2017). Rather than submitting a habeas corpus petition as directed by the state court, Milligan instead filed his Verified Civil Rights Complaint ("Complaint") in this Court on December 8, 2017. (Doc. 1).

In his Complaint, Plaintiff Milligan states that he is proceeding under 42 U.S.C. § 1983. (Doc. 1 at 1). He presents essentially the same arguments that he raised in his state court Motion to Amend Judgment and Sentence. Milligan names, as Defendants, Geo Corrections and Detentions, Warden Vincent Horton, Probation and Parole Chair Sandra Dietz, Parole Case Manager S. Marquez, Records Manager J. Jaramillo, Classification Manager M. J. Chavez,

Caseworkers D. Pacheco, L. Roybal and B. Swaggert, and Secretary of Corrections David Jablonski/Greg Mercantile[2]. (Doc. 1 at 1). Milligan asserts claims for deliberate indifference, cruel and unusual punishment, negligence, and negligent supervision, alleging that Defendants violated his constitutional right to be free from wrongful imprisonment. (Doc. 1 at 11). Milligan contends Defendants violated his rights by failing to recalculate the end dates of his sentences, wrongfully prolonging his incarceration, placing Plaintiff on an illegal term of parole, and "doctoring" paperwork related to stopping of Plaintiff's good time credits. (Doc. 1 at 10). Plaintiff seeks declaratory relief, injunctive relief, damages in the amount of "$5,000 a day for each day he was held after his original kickout date," and punitive damages. (doc. 1 at 12).

**Dismissals for Failure to State a Claim**

Plaintiff Milligan is proceeding pro se and *in forma pauperis*. (Doc. 8). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is

---

[2] Plaintiff identifies Secretary Jablonski in the case caption, but former Secretary Mercantile in the body of the Complaint. *See* Doc. 1 at 1 and 2).

4

legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d

5

124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## Analysis of Plaintiff Milligan's Claims

In this case, Milligan claims that the Defendants violated his 8th and 14th Amendment constitutional rights by incorrectly calculating the ending dates of his sentences, wrongfully prolonging his incarceration, placing him on an illegal term of parole, doctoring paperwork relating to stoppage of his good time credits, and failing to investigate his claims. (Doc. 1 at 10). The actual state court record contradicts Milligan's allegations and demonstrates that, although instructed that his issues needed to be raised in a state petition for writ of habeas corpus, Milligan instead chose to bring a civil rights action for damages in this Court. *Neitzke v. Williams,* 490 U.S. at 327. Moreover, Milligan's Complaint fails to state a civil rights claim for relief as a matter of law on multiple grounds.

First, to the extent Milligan may be trying to obtain relief against either the New Mexico Department of Corrections or the New Mexico Parole Board, they are agencies or entities of the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Any claims against the New Mexico Corrections Department and the New Mexico Parole Board fail to state a claim for relief under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). Similarly, any official capacity claims against Secretary Jablonski/Mercantile, Warden Horton, and Chair Dietz are claims against the State of New Mexico and are not cognizable in a § 1983 proceeding. *Will,* 491 U.S. at 63-64.

In addition, the New Mexico Parole Board and its members are immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole. *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir. 1988). To the extent that Milligan's Complaint may be construed to request damages or injunctive relief on the duration of his incarceration, Milligan may not seek such relief against the Parole Board in a § 1983 proceeding but, instead, may only pursue that relief through a habeas corpus claim under 28 U.S.C. § 2241. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *Frey v. Adams County Court Servs.,* 267 F.App.'x 811, 813 (10th Cir. 2008). Plaintiff Milligan's claims against Probation and Parole Chair Dietz and Parole Case Manager Marquez fail to state a § 1983 claim upon which relief can be granted.

Third, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008).

Milligan's Complaint alleges that Secretary Jablonski/Mercantile "is the Secretary of Corrections for the State of N.M. He is legally responsible for the overall operation of each facility located in the State of N.M. including G.C.C.F." (Doc. 1 at 2, ¶ 5). Plaintiff similarly claims that Warden Horton "is the warden of G.C.C.F. He is legally responsible for the overall operation of GCCF, its employee's and all of its inmates." (Doc. 1 at 2, ¶ 6). Milligan claims that "Defendants Horton and Jablonski's perpetuated lax inmate procedures and a culture that allowed this pervasive conduct to continue." (Doc. 1 at 9). The Complaint does not allege any individualized wrongful conduct on the part of either Secretary Jablonski/Mercantile or Warden Horton but, instead,

appears to base liability on vicarious responsibility for the actions of other Defendants. The Complaint does not state an individualized civil rights claim against Defendants Jablonski/Mercantile or Horton. *Iqbal,* 556 U.S. at 676.

Milligan also makes generalized contentions that Geo Corrections and Detention (also referred to as "Geo Group") had a contract with the State of New Mexico to house inmates and was aware of his claimed deliberate indifference and cruel and unusual punishment, but did not act to stop the misconduct. (Doc. 1 at 8-9). A corporation such as GEO cannot incur liability under Section 1983 based solely on its contractual relationship with the state. *See Holly v. Scott,* 434 F.3d 287, 293 (4th Cir.2006). Further a private actor cannot be held liable under § 1983 on a respondeat superior theory. *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir.2003). Instead, Geo would incur liability under § 1983 only if an unconstitutional policy existed and that policy was a direct cause or moving force behind the constitutional violations. *See Dubbs v. Head Start, Inc.,* 336 F.3d at 1215–17. Plaintiff Milligan does not identify or specify any policy of Geo that caused or was a moving force behind any violation of Plaintiff's constitutional rights, and the Complaint fails to state a claim against Defendant Geo.

Last, Milligan seeks damages and a declaration that Defendants' actions violated Plaintiff's constitutional rights. (Doc. 1 at 12). In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. To recover damages for an unconstitutional conviction or imprisonment a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

*Heck* has been applied to parole-revocation proceedings. *See Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005); *Spencer v. Kemna,* 523 U.S. 1, 17 (1998). It applies to proceedings that call into question the fact or duration of parole or probation. *Jackson v. Vannoy,* 49 F.3d 175 (5th Cir.), *cert. denied,* 516 U.S. 851 (1995). A civil claim for damages amounts to a collateral attack on the parole revocation and subsequent incarceration. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). *Heck* unambiguously requires that the conviction or sentence be invalidated, not just be served. *See* 512 U.S. at 490 n. 10. Milligan has not sought or obtained a state court ruling invalidating his parole revocation or sentence. Granting Milligan the relief he requests would necessarily imply the invalidity of his probation revocation and sentence. All of Milligan's claims in this case are barred under *Heck v. Humphry.* The Complaint fails to state any claim for relief against any of the Defendants and will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The Court will dismiss Milligan's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Milligan's issues with his probation revocation and sentencing will never state a civil rights cause of action against any of the Defendants unless his conviction or sentence is set aside. *Heck,* 512 U.S. at 487. As the state court advised him, Milligan must seek habeas corpus relief prior to

requesting civil rights damages in this Court. The Court will dismiss the Complaint with prejudice to further civil rights actions, but without prejudice to a habeas corpus proceeding under 28 U.S.C. § 2254 challenging his probation revocation and subsequent sentence.

**IT IS ORDERED** that the Verified Civil Rights Complaint filed by Plaintiff Anthony Milligan (Doc. 1) is **DISMISSED** for failure to state a claim on which relief can be granted. This dismissal is with prejudice as to any further civil rights cases, but without prejudice to a petition for writ of habeas corpus under 28 U.S.C. § 2254.

_____
UNITED STATES DISTRICT JUDGE